IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVERETT K. TERRY,** : | |
|     **Plaintiff** : | |
| : | |
| v. : | |
| : | **CIVIL ACTION NO. 12-6205** |
| : | |
| **YEADON BOROUGH,** *et al.*, : | |
|     **Defendants.** : | |

**MEMORANDUM OPINION**

Rufe, J.                                                                                                           December 13, 2013

**I.    BACKGROUND**

Plaintiff alleges that he was terminated from his employment as a police officer for Yeadon Borough because Borough Council members, the Individual Defendants in this action, disapproved of his interracial marriage. The Amended Complaint alleges the following facts. In 2005, the Borough Finance Director instructed Plaintiff to include his now-wife on the Borough's health insurance plan. When Plaintiff explained that the couple was not legally married, the Finance Director replied that they had been in a relationship long enough to qualify for common-law marriage. In July 2010, Defendant Jones-Butler, Yeadon Borough's mayor, saw photographs of Plaintiff's recent wedding ceremony that Plaintiff had posted on Facebook. In August 2010, Jones-Butler told Plaintiff that employees could not add partners to their insurance plan before they were formally married, and that if he did not resign and repay the amount of overpaid benefits received, he would be terminated and prosecuted. Plaintiff objected and was granted a hearing, and the Council voted to allow him to remain at his job, subject to repayment of the benefits. Less than two weeks later, Jones-Butler shouted at the Police Chief who had

supported Plaintiff, "Don't think this is over!" Three days later, Plaintiff was informed that the Council had met for an unannounced re-vote and decided to terminate his employment. At the time of his termination, Plaintiff was the only Borough employee in an interracial relationship, and two other employees who were overpaid benefits, including the Council President, Defendant Kemp, were allowed to merely repay the amount and were not terminated. Plaintiff filed suit, and Defendants have moved to dismiss the Amended Complaint.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement"[1] lacks enough substance to show that he is entitled to relief.[2] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[3] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[4] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[5] The complaint must set forth "direct or inferential allegations respecting all the material elements

---

[1] Fed. R. Civ. P. 8.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[3] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[4] *Twombly*, 550 U.S. at 555, 564.

[5] *Id.* at 570.

necessary to sustain recovery under *some* viable legal theory."[6]  The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[7]  Legal questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[8]

### III. DISCUSSION

#### A. Claims against Yeadon Borough and Yeadon Borough Council

In order to hold a municipal liable in the absence of an official edict, Plaintiff must allege facts to support the inference that there exists a "well-settled and permanent" practice.[9]  Although municipal liability can be triggered by the intentional actions of officials with relevant final policy-making authority, such as the mayor, the policy-maker must be implementing a well-settled and permanent custom.[10]  Here, Plaintiff alleges a single instance of racial discrimination.  Although Plaintiff alleges that the Borough and Council are liable because of an unspoken Borough policy against interracial relationships, he has not pleaded facts that would allow an inference rising above the level of "sheer possibility," [11] that discouragement of interracial

---

[6] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[7] *Id.* (quoting *McGregor v. Indus. Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir. 1988)).

[8] *See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 836 F. Supp. 2d 274 (E.D. Pa. 2011).

[9] *Watson v. Abington Twp.*, 478 F.3d 144, 155-56 (3d Cir. 2007).

[10] *Id.* at 156.

[11] *Bell Atlantic v. Twombly*, 550 U.S. 544, 554 (2007).

relationships was so established. The claim against the municipal defendants will be dismissed and leave will be granted to file a second amended complaint.[12]

### B. Claims against the Individual Defendants

#### 1. Equal Protection

Discrimination against an individual because he is in an interracial relationship violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment.[13] Allegations of "departures from the normal procedural sequence," or disparate treatment of those otherwise "similarly situated"[14] may support an equal protection claim.[15] Plaintiff alleges that his termination followed a secret re-vote by the Council and that he was treated differently than employees not in interracial relationships, who were overpaid benefits but not terminated. These facts state a claim. Although Defendants argue that racial discrimination is not plausible here because most of the Individual Defendants are African-American, like Plaintiff, an equal protection claim cannot be dismissed merely because the defendant and plaintiff belong to the same race.[16]

---

[12] The claims against the Council will also be dismissed because sub-divisions of a municipality that lack a separate identity from the municipality are not amenable to suit in an § 1983 action. *Martin v. Red Lion Police Dep't*, 146 F. App'x 558 (3d Cir. 2005). Plaintiff has not alleged that the Council is a separate, suable entity.

[13] *Loving v. Virginia*, 388 U.S. 1 (1967).

[14] *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 506 U.S. 1, 10 (1992)).

[15] *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 562 (3d Cir. 2002) (quoting *Reno v. Bossier Parish Sch. Bd.*, 520 U.S. 471, 487 (1997)).

[16] *Pollock v. City of Phila.*, No. 06-4089, 2008 WL 3457043, at n.6 (E.D. Pa. Aug. 8, 2008); *see also Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 78 (1998) (rejecting "[the] presumption that an employer will not discriminate against members of his own race."). In addition, Plaintiff alleges not that he was discriminated against solely because of his race, but because he and his wife are of different races.

### 2. Procedural Due Process

Plaintiff had a constitutionally protected property interest in his job as Pennsylvania police officer,[17] and due process therefore required his employer to provide him with a hearing, an explanation of the evidence in support of the charges, and an opportunity to respond with a defense.[18]  Plaintiff alleges that at the hearing that complied with these requirements he was informed that he would *not* be terminated.  However, Plaintiff alleges that he was not provided notice of, or a hearing before or after, the Council's re-vote, nor was he informed of any new information, evidence, or considerations that led the Council members to change their minds and decide to hold a second meeting.  Although the specific form of due process can vary depending on the employer's particular interest, the facts alleged by Plaintiff state a claim for denial of due process.

### C.   Defendants' Remaining Arguments

The Individual Defendants argue that they are entitled to immunity for their actions.  However, the doctrine of qualified immunity, which protects government officials from civil liability, only applies in situations where the officials did not violate a clearly established constitutional right of which a reasonable person would be aware.[19]  The right to be free from adverse employment actions based on race is clearly established, and any claim of qualified immunity therefore is premature on the record before the Court.

---

[17] *Dee v. Borough of Dunmore*, 549 F.3d 225, 230 (3d Cir. 2008); 53 P.S. § 46190.

[18] *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 542-46 (1985).

[19] *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006).

Defendants also argue that the Amended Complaint fails to name each specific Defendant in the course of reciting its allegations. Plaintiff has alleged conduct by the Individual Defendants in connection with the second vote that resulted in his termination. The Amended Complaint sets forth the relevant dates, background information, and sequence of events, and suffices to put Defendants on notice of the claims against them and entitles Plaintiff to conduct discovery.[20] Finally, Defendants seek to strike the demand for punitive damages, but the question of whether Plaintiff is entitled to such damages is better left to decision on a developed record.

## IV. CONCLUSION

The claims against Yeadon Borough and Yeadon Borough Council will be dismissed without prejudice. The motion to dismiss the claims against the Individual Defendants will be denied. An appropriate order will be entered.

---

[20] *C.N. v. Ridgewood Bd. of Educ.,* 430 F.3d 159, 173 (3d Cir. 2005).