IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVERETT K. TERRY** : | |
| **Plaintiff,** : | |
| v. : | **CIVIL ACTION NO. 12-6205** |
| : | |
| **YEADON BOROUGH,** *et al.* : | |
| **Defendants.** : | |

### ORDER

**AND NOW**, this 6th day of August 2014, upon consideration of Defendant Yeadon Borough's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 15] and the Opposition thereto, it is hereby **ORDERED** that the Motion is **DENIED**.[1] It is further **ORDERED** that Defendant Yeadon Borough shall file a response to the Second Amended Complaint within 21 days.

It is so **ORDERED**.

BY THE COURT:
/s/Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

[1] By earlier memorandum opinion and order, the Court granted in part and denied in part a motion to dismiss the Amended Complaint. The Court dismissed without prejudice the claim against Yeadon Borough, which was based upon Plaintiff's allegation that the termination of his employment constituted a custom or practice against interracial marriage. Plaintiff filed a Second Amended Complaint, which bases the claim against the Borough on allegations that it denied him equal protection and due process through an official act. The Borough again seeks dismissal, arguing that Plaintiff again has failed to state a policy, custom, or practice necessary to create municipal liability under § 1983. *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978). In certain circumstances, a single decision tailored to a particular situation may constitute an official act of government policy under *Monell*. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-89 (1986). Plaintiff alleges that Borough Council members as authorized decision-makers of the Borough terminated Plaintiff's employment by a formal Council vote for unconstitutional reasons, which suffices at this stage of the litigation to allege an official act of government policy. *See Owen v. City of Independence,* 445 U.S. 622, 633 (1980); *Brennan v. Norton*, 350 F.3d 399, 427-28 (3d Cir. 2003). Defendants also argue that if the Borough is subject to liability on a *Monell* claim, then the individual Defendants are immune under the doctrine of legislative immunity. Although Plaintiff's Second Amended Complaint refers to "official legislative action" by Yeadon Borough, the Court applies the law as directed by the Third Circuit, which distinguishes "between eliminating a position and terminating an individual employee, characterizing the former as legislative and the latter as administrative." *Kalinoski v. Lackawanna Cnty.*, 511 F. App'x 208, 212 (3d Cir. 2013) (citing *Baraka v. McGreevey*, 481 F.3d 187, 199-200 (3d Cir. 2007)). Because local officials are personally absolutely immune from suits only for legislative acts, but official acts of government policy are not necessarily legislative, the Borough's logic does not hold. *See In re Montgomery Cnty.*, 215 F.3d 367, 377 (3d Cir. 2000) ("Firing a particular employee is a personnel decision that does not involve general policy making.").